IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

SHEILA ODOM                                                    PLAINTIFF

VS.                          No. 5-02 CV.00268 GH

PARKE-DAVIS, A DIVISION OF THE
WARNER-LAMBERT COMPANY;
WARNER-LAMBERT COMPANY;
PFIZER, INC.; SANKYO PHARMA,
INC., A SUBSIDIARY OF TOKYO-
BASED SANKYO CO., LTD.; SANKYO
PARKE-DAVIS, A JOINT VENTURE
BETWEEN SANKYO PHARMA AND
PARKE-DAVIS; JAMES STEVEN
CASH, M.D., LISA HOLADAY, M.D.,
DARRELL R. OVER, M.D., FAMILY
PRACTICE CENTER, AND JOHN
DOES 1-50                                                     DEFENDANTS



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 25 2002

JAMES W. McCORMACK, CLERK
By:_____
                      DEP CLERK

## SEPARATE ANSWER OF DEFENDANTS
## PARKE-DAVIS, WARNER-LAMBERT COMPANY,
## PFIZER INC. and SANKYO PARKE-DAVIS

Defendants WARNER-LAMBERT COMPANY, including its unincorporated

Parke-Davis Division ("Warner-Lambert"), PFIZER INC. ("Pfizer") and SANKYO

PARKE-DAVIS ("Sankyo PD") hereinafter referred to as "Defendants," by and through

their attorneys Wright, Lindsey & Jennings LLP, for their Separate Answer to Plaintiff's

First Amended and Substituted Petition (the "Petition") state:

## AS TO PARTIES

1.      Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations of paragraph 1 of the Petition, and therefore, deny the

same.

2a.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2a of the Petition, and therefore, deny the same.

2b.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2b of the Petition, and therefore, deny the same.

2c.      Defendants admit that Parke-Davis is an unincorporated division of Warner-Lambert Company and, thus, is an entity incapable of being sued. Defendants deny the remaining allegations in paragraph 2c of the Petition.

2d.      Defendants admit that Warner-Lambert Company is a Delaware corporation that has done business in Nebraska and that in part,  through its unincorporated division, Parke-Davis, Warner-Lambert  manufactured, packaged, marketed, sold and distributed Rezulin® tablets in the United States and Arkansas for use upon prescription only through licensed physicians for particular indications in accordance with FDA-approved prescribed information and subject to the precautions, warnings, contraindications and other information contained therein.  Defendants further admit that Warner-Lambert may be served through its registered agent.  Defendants deny the remaining allegations contained in paragraph 2d of the Petition.

2e.      Defendants admit that Pfizer Inc. is a Delaware corporation that does business in Nebraska and Arkansas, and may be served through its registered agent. Defendants further admit that Pfizer acquired the stock of Warner-Lambert on June 19, 2000.  Defendants deny the remaining allegations in paragraph 2e of the Petition.

2f.     The allegations contained in paragraph 2f of the Petition are not directed toward answering Defendants, therefore no response is required.

2g.     Defendants admit that Sankyo Parke-Davis is a partnership in dissolution between Sankyo Pharma and Warner-Lambert, and may be served at 2 Hilton Court, Parsippany, N.J.. Defendants deny the remaining allegations in paragraph 2g of the Petition.

## AS TO JURISDICTION

3.     The allegations contained in paragraph 3 state a conclusion of law to which no response is necessary. To the extent that any statements may be deemed to be allegations directed against Defendants, they are denied.

4.     The allegations contained in paragraph 4 state a conclusion of law to which no response is necessary. To the extent that any statements may be deemed to be allegations directed against Defendants, they are denied.

5.     The allegations contained in paragraph 5 state a conclusion of law to which no response is necessary. To the extent that any statements may be deemed to be allegations directed against Defendants, they are denied.

6.     The allegations contained in paragraph 6 state a conclusion of law to which no response is necessary. To the extent that any statements may be deemed to be allegations directed against Defendants, they are denied.

## AS TO VENUE

7.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the first two sentences of paragraph 7 of the Petition, and therefore, deny the same. The third sentence of paragraph 7 of the Petition states

a conclusion of law to which no response is necessary.  To the extent that any

statements may be deemed to be allegations directed against Defendants, they are

denied.  Defendants specifically deny Plaintiff was injured as a result of ingesting

Rezulin®.

## AS TO FACTS

8.     Defendants are without knowledge and information regarding Plaintiff's

prescription for  Rezulin®, and the state of his health prior to taking  Rezulin®, and

therefore deny same.  Defendants admit that in part,  through its unincorporated

division, Parke-Davis, Warner-Lambert  manufactured, packaged, marketed, sold and

distributed Rezulin® tablets in the United States and Arkansas for use upon prescription

only through licensed physicians for particular indications in accordance with FDA-

approved prescribed information and subject to the precautions, warnings,

contraindications and other information contained therein.    Defendants deny the

remaining allegations in paragraph 8 of the Petition.

9.     Defendants admit that in part,  through its unincorporated division, Parke-

Davis, Warner-Lambert  manufactured, packaged, marketed, sold and distributed

Rezulin® tablets in the United States and Arkansas for use upon prescription only

through licensed physicians for particular indications in accordance with FDA-approved

prescribed information and subject to the precautions, warnings, contraindications and

other information contained therein.    Defendants deny the remaining allegations in

paragraph 9 of the Petition.

10.    Defendants admit that in part, through its unincorporated Parke-Davis division, Warner-Lambert is involved in the pharmaceutical industry.  Defendants deny the remaining allegations in paragraph 10 of the Petition.

## AS TO JOHN DOE ALLEGATIONS

11.    The allegations contained in paragraph 11 of the Petition are not directed toward answering Defendants, therefore no response is required.

12.    The allegations contained in paragraph 12 of the Petition are not directed toward answering Defendants, therefore no response is required.

## AS TO ENTERPRISE LIABILITY AND VICARIOUS LIABILITY

13.    Defendants deny each and every allegation contained in paragraph 13 of the Petition.

14.    Defendants deny each and every allegation contained in paragraph 14 of the Petition.

15.    Defendants deny each and every allegation contained in paragraph 15 of the Petition.

16.    The allegations contained in paragraph 16 of the Petition are not directed toward answering Defendants, therefore no response is required.

17.    Defendants deny each and every allegation contained in paragraph 17 of the Petition.

18.    The allegations contained in paragraph 18 of the Petition are not directed toward answering Defendants, therefore no response is required.

## AS TO COUNT ONE

19.     Defendants adopt and incorporate herein by reference their responses to all preceding paragraphs of Plaintiff's Petition as if fully set forth herein in response to paragraph 19 of the Petition.

20.     Defendants deny each and every allegation contained in paragraph 20 of the Petition.

21.     Defendants admit that in part, through its unincorporated division, Parke-Davis, Warner-Lambert manufactured, packaged, marketed, sold and distributed Rezulin® tablets in the United States and Arkansas for use upon prescription only through licensed physicians for particular indications in accordance with FDA-approved prescribed information and subject to the precautions, warnings, contraindications and other information contained therein.   Defendants deny the remaining allegations in paragraph 21 of the Petition.

22.     The allegations contained in paragraph 22 of the Petition are not directed toward answering Defendants, therefore no response is required.

23.     Defendants deny each and every allegation contained in paragraph 23 of the Petition, including all subparts.

## AS TO COUNT TWO

24.     Defendants adopt and incorporate herein by reference their responses to all preceding paragraphs of Plaintiff's Petition as if fully set forth herein in response to paragraph 24 of the Petition.

25.     Defendants deny each and every allegation contained in paragraph 25 of the Petition, including all subparts.

26.     Defendants deny each and every allegation contained in paragraph 26 of the Petition.

## AS TO COUNT THREE

27.     Defendants adopt and incorporate herein by reference their responses to all preceding paragraphs of Plaintiff's Petition as if fully set forth herein in response to paragraph 27 of the Petition.

28.     Defendants admit that in part, through its unincorporated division, Parke-Davis, Warner-Lambert manufactured, packaged, marketed, sold and distributed Rezulin® tablets in the United States and Arkansas for use upon prescription only through licensed physicians for particular indications in accordance with FDA-approved prescribed information and subject to the precautions, warnings, contraindications and other information contained therein.    Defendants deny the remaining allegations in paragraph 28 of the Petition.

29.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Petition, and therefore, deny the same.

30.     Defendants deny each and every allegation contained in paragraph 30 of the Petition.

## AS TO COUNT FOUR

31.     Defendants adopt and incorporate herein by reference their responses to all preceding paragraphs of Plaintiff's Petition as if fully set forth herein in response to paragraph 31 of the Petition.

32.     Defendants deny each and every allegation contained in paragraph 32 of the Petition.

33.     Defendants admit that Warner-Lambert ran certain advertisements for Rezulin®, which speak for themselves.  Defendants deny the remaining allegations in paragraph 33 of the Petition.

34.     Defendants deny each and every allegation contained in paragraph 34 of the Petition.

35.     Defendants admit that Warner-Lambert ran certain advertisements for Rezulin®, which speak for themselves.  Defendants further admit that any reports from the FDA, British Medicines Control Agency, the Los Angeles Times, and any other reporting agencies speak for themselves. Defendants deny the remaining allegations in paragraph 35 of the Petition.

36.     Defendants admit that Rezulin® remained on the market in the United States after Romozin® was voluntarily withdrawn from the market in Great Britain by Glaxo-Wellcome in December 1997.  Defendants deny the remaining allegations in paragraph 36 of the Petition.

37.     Defendants deny each and every allegation contained in paragraph 37 of the Petition.

38.     Defendants deny each and every allegation contained in paragraph 38 of the Petition.

39.     Defendants deny each and every allegation contained in paragraph 39 of the Petition.

40.     Defendants deny each and every allegation contained in paragraph 40 of the Petition.

## AS TO COUNT FIVE

41.     Defendants adopt and incorporate herein by reference their responses to all preceding paragraphs of Plaintiff's Petition as if fully set forth herein in response to paragraph 41 of the Petition.

42.     Defendants deny each and every allegation contained in paragraph 42 of the Petition.

43.     Defendants deny each and every allegation contained in paragraph 43 of the Petition.

44.     Defendants deny each and every allegation contained in paragraph 44 of the Petition, including all subparts.

45.     Defendants deny each and every allegation contained in paragraph 45 of the Petition.

46.     Defendants deny each and every allegation contained in paragraph 46 of the Petition.

47.     Defendants deny each and every allegation contained in paragraph 47 of the Petition.

## AS TO COUNT SIX

48.    Defendants adopt and incorporate herein by reference their responses to all preceding paragraphs of Plaintiff's Petition as if fully set forth herein in response to paragraph 48 of the Petition.

49.    The allegations contained in paragraph 49 of the Petition are not directed toward answering Defendants, therefore no response is required.  Defendants specifically deny that Rezulin® was "defective and unreasonably dangerous."

50.    The allegations contained in paragraph 50 of the Petition are not directed toward answering Defendants, therefore no response is required.

51.    The allegations contained in paragraph 51 of the Petition are not directed toward answering Defendants, therefore no response is required.  Defendants specifically deny that Plaintiff was injured as a result of ingesting Rezulin®.

## AS TO COUNT SEVEN

52.    Defendants adopt and incorporate herein by reference their responses to all preceding paragraphs of Plaintiff's Petition as if fully set forth herein in response to paragraph 52 of the Petition.

53.    The allegations contained in paragraph 50 of the Petition are not directed toward answering Defendants, therefore no response is required.

## AS TO COUNT EIGHT

54.    Defendants adopt and incorporate herein by reference their responses to all preceding paragraphs of Plaintiff's Petition as if fully set forth herein in response to paragraph 54 of the Petition.

55.     Defendants deny each and every allegation contained in paragraph 55 of the Petition.

56.     The allegations contained in paragraph 56 of the Petition are not directed toward answering Defendants, therefore no response is required.

57.     The allegations contained in paragraph 57 of the Petition are not directed toward answering Defendants, therefore no response is required.

58.     The allegations contained in paragraph 58 of the Petition are not directed toward answering Defendants, therefore no response is required.

59.     The allegations contained in paragraph 59 of the Petition are not directed toward answering Defendants, therefore no response is required.

60.     The allegations contained in paragraph 60 of the Petition are not directed toward answering Defendants, therefore no response is required.

61.     The allegations contained in paragraph 61 of the Petition are not directed toward answering Defendants, therefore no response is required.

## AS TO PUNITIVE DAMAGES ALLEGATIONS

62.     Defendants deny each and every allegation contained in paragraph 62 of the Petition.

## AS TO OMNIBUS ALLEGATIONS

63.     Defendants admit that Plaintiff makes a claim for damages in excess of that required for federal diversity jurisdiction, but deny that he is entitled to recover any damages in this action.

64.     Defendants deny each and every allegation contained in paragraph 64 of the Petition.

## DEMAND FOR JURY

65.     The allegations contained in paragraph 65 of the Petition do not require a response by Defendants other than to join in the request for a jury trial.

## AFFIRMATIVE DEFENSES

By alleging the matters set forth below, Defendants do not allege or admit that they have the burden of proof and/or the burden of persuasion with respect to any of these matters.  Defendants state that they deny each and every material allegation contained in the Plaintiff's Petition and not admitted in this Separate Answer and that they further assert as follows:

## FIRST SEPARATE AND AFFIRMATIVE DEFENSE

The Petition, and each cause of action therein, fails to state facts, claims or causes of action upon which relief may be granted.

## SECOND SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, damages and/or losses were proximately caused by the negligence and/or fault of Plaintiff and/or entities other than Defendants, and this comparatively reduces or bars the negligence and/or fault, if any, attributable to Defendants.

## THIRD SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff had full knowledge of, accepted, and/or assumed all risks and possible adverse effects related to the use of Rezulin®.  Plaintiff's recovery, therefore, is barred,

diminished, reduced, or offset under the principles of assumption of the risk and/or informed consent.

## FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff cannot recover from Defendants because his injuries and damages, if any, were caused by misuse of Rezulin®.

## FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Learned Intermediary doctrine.

## SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

To the extent that Plaintiff is alleging fraud, deceit, or similar conduct, Plaintiff has failed to plead fraud or deceit with sufficient particularity.

## SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff used Rezulin® after learning of its alleged defect(s).

## EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

The causes of action and claims alleged in the Petition are preempted by the federal statutes and regulations that exclusively regulate Rezulin®. Granting the relief requested in the Petition would impermissibly infringe upon and/or conflict with federal laws, regulations, and policies in violation of the Supremacy Clause of the United States Constitution.

## NINTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the methods, standards and techniques used in formulating Rezulin® and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available, and reliable state of knowledge in the field at the time Rezulin® was manufactured.  Moreover, Defendants specifically adopt all defenses which are available to them under the Arkansas Product Liability Act which is Ark. Code Ann. § 16-116-101, *et seq.*

## TENTH SEPARATE AND AFFIRMATIVE DEFENSE

Defendants' liability, if any, for non-economic damages is several rather than joint, and should be prorated.

## ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

Defendants are entitled to contribution from any person and/or entity whose negligence or other fault contributed to Plaintiff's alleged injuries and damages if Plaintiff receives a verdict against Defendants.  In this regard, Defendants assert the right to contribution and to the apportionment of responsibility under Arkansas law pursuant to the Uniform Contribution Among Tortfeasors Act, as amended, including the prorating of any fault at trial.

## TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

The benefits of the design of Rezulin® outweighed the risk of danger, if any, inherent in the design in light of all relevant factors.

### THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering from Defendants because independent, intervening, and/or superseding causes, forces and/or actions of third parties, unrelated to any conduct of Defendants, caused or contributed to Plaintiff's alleged losses and/or damages.

### FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his damages, if any, despite full knowledge of them.

### FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Defendants' liability, if any, will not result from their own conduct, but instead, will derive solely from an obligation imposed by law. As such, Defendants are entitled to complete and total express and/or implied indemnity from other Defendants and/or third-parties that are not yet parties to this action.

### SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

The Plaintiff's claims are subject to the limitations on the doctrine of strict product liability for a purported design defect and breach of warranty as set forth in the Restatement (Second) of Torts, Section 402A and comments thereto.

### SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

The Petition, and each of Plaintiff's claims and causes of action, are barred by the applicable statutes of limitations .

### EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages, if any, were due to Plaintiff's idiosyncratic reaction to Rezulin®, for which Defendants cannot be held responsible.

## NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

The design, manufacture, and distribution of Rezulin® complied with all applicable industry and governmental standards and regulations, and reflected the current state of the art at the time it was designed, manufactured, sold and distributed. Consequently, there can be no liability imposed against Defendants.

## TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

Defendants did not make to Plaintiff, nor did Defendants breach, any express or implied warranties and did not breach any warranties created by law.  To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are barred for lack of privity with Defendants and/or for failure of Plaintiff, or his representatives, to give timely notice to Defendants of any alleged breach of warranty as required by Arkansas law.

## TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches, waiver, and/or estoppel.

## TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are equitably barred because Plaintiff's failure to join all indispensable parties precludes the Court from granting complete relief to those who are parties to the action and will result in prejudice to Defendants.

## TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

Notwithstanding the claims and contentions of Plaintiff, Plaintiff received and will in the future receive all or substantially all of the benefit from Rezulin® that Plaintiff hoped and intended to receive, and to that extent any damages and/or restitution that Plaintiff might be entitled to recover from Defendants must be correspondingly reduced.

## TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

Any alleged injuries were caused by a pre-existing or unrelated medical condition, disease or illness of the Plaintiff.

## TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under Section 4, *et seq.* of the Restatement (Third) of Torts: Product Liability because Rezulin® complied with applicable product safety statutes and administrative regulations.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

In the event of a finding of any liability in favor of the Plaintiff, or settlement, or judgment against any Defendant, then Defendants should be held liable, if at all, only for the proportion of damages sustained by the Plaintiff, if any, as is determined by the jury to be the result of the allocable percentage of fault or negligence on the part of Defendants.  Defendants further state that they should not and cannot be held jointly liable to the Plaintiff for the negligence or fault of others since such joint liability would violate certain constitutional principles, statutes and common law rules.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Should Defendants, or any of them, be held liable to the Plaintiff, which liability is specifically denied, Defendants would be entitled to a set-off for all sums of money received or available from or on behalf of any tortfeasor(s) for the same injuries alleged in Plaintiff's Petition.

### TWENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Sections 6(c) and (d) of the Restatement (Third) of Torts: Product Liability.  Reasonable physicians knowing of the reasonably foreseeable risks and therapeutic benefits associated with Rezulin® would have prescribed and did prescribe Rezulin® for classes of patients.  In addition, Warner-Lambert provided reasonable instructions and/or warnings to prescribing physicians.

### TWENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE

The Petition fails to state facts sufficient to sustain a claim for, or recovery of, punitive damages.

### THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE

While Defendants deny that they, or any of them, are liable for any punitive damages in this case, Defendants further state that any award of punitive damages cannot be sustained because an award of punitive damages by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding

punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Defendants; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiff's burden of proof with respect to each and every element of a claim for punitive damages; and/or (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Defendants' due process and equal protection rights guaranteed by the Fifth and the Fourteenth Amendments to the United States Constitution and similar provisions of the Arkansas Constitution, and would be improper under the common law and public policies of the State of Arkansas.

## THIRTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

While Defendants deny that they, or any of them, are liable for any punitive damages in this case, Defendants state that Plaintiff's claims for punitive damages cannot be sustained because an award of punitive damages, which is not subject to a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, and which provides no protection against multiple awards for the same course of conduct, would violate Defendants' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by similar provisions of the Arkansas

Constitution, and would also violate Defendants' right not to be subjected to an excessive award in violation of the Eighth Amendment to the United States Constitution, and similar provisions of the Arkansas Constitution, and would be improper under the common law and public policies of the State of Arkansas.

### THIRTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

While Defendants, and each of them, deny that they are liable for any punitive damages in this case, Defendants state that Plaintiff's claims for punitive damages cannot be sustained because laws regarding the standards for determining liability for punitive damages failed to give Defendants prior notice of the conduct for which punitive damages may be imposed and are void for vagueness in violation of Defendants' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and similar provisions of the Arkansas Constitution, and would be improper under the common law and public policies of the State of Arkansas.

### THIRTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

While Defendants, and each of them, deny that they are liable for any punitive damages in this case, Plaintiff's claims for punitive damages cannot be sustained because any award of punitive damages under state law, which are penal in nature, without according to Defendants the same protections that are accorded to criminal Defendants, including the protection against unreasonable searches and seizures, self-incrimination, and the right to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Defendants' rights guaranteed by the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment to

the United States Constitution and similar provisions of the Arkansas Constitution, and would be improper under the common law and public policies of the State of Arkansas.

### THIRTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

While Defendants, and each of them, deny that they are liable for any punitive damages in this case, Plaintiff's claims for punitive damages cannot be sustained because an award of punitive damages under state law which allows Plaintiff to prejudicially emphasize the corporate status of Defendants violates Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and similar provisions of the Arkansas Constitution, and would be improper under the common law and public policies of the State of Arkansas.

### THIRTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

While Defendants, and each of them, deny that they are liable for any punitive damages in this case, Plaintiff's claims for punitive damages cannot be sustained because an award of punitive damages would violate Defendants' rights guaranteed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The Due Process Clause requires that adversarial proceedings be fundamentally fair. It would violate fundamental fairness to permit Defendants to be punished by way of a punitive damages award in this action.

### THIRTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

With respect to the Plaintiff's claim for punitive damages:

(a)     State that any award of punitive damages under Arkansas law would be unconstitutional because such an award would violate the due process clause in Amendment V to the United States Constitution, which is made applicable to the states by Amendment XIV to the United States Constitution, and the due process clause found in Art. 2, Section 8, of the Arkansas Constitution in that Arkansas law provides no definite standard for setting the amount of punitive damages; because there is no detailed substantive standard for appellate review of punitive damage awards to ensure that an award is reasonable in amount and rational in light of its purpose; because there is no established post-trial procedure for scrutinizing punitive damage awards enumerating factors for the trial court to consider in reviewing a verdict for excessiveness; because the trier of fact is allowed unlimited, uninstructed discretion in awarding punitive damages and for other due process deficiencies; because an award of punitive damages would violate the excessive fines clause in Amendment VIII to the United States Constitution and the excessive fines clause in Art. 2, Section 9, of the Arkansas Constitution; and because an award of punitive damages would violate Amendment VII of the United States Constitution, which provides the right to jury trial, in that the instructions that would be given under Arkansas law would not allow proper evaluation by the jury of relevant factors and evidence or the appropriate review by the trial court, consistent with Amendment VII, of the award.

(b)     Further state that in *Cooper Industries, Inc. v Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), the United States Supreme Court held that the amount of punitive damages "is not really a fact 'tried' by the jury," and the right to jury trial is therefore not implicated.  According to the United States Supreme Court, compensatory

damages are "essentially a factual determination," while punitive damages are "an expression of moral condemnation" that essentially constitutes a conclusion of law. Accordingly, the Plaintiff in this civil case does not have the right to a jury trial with respect to punitive damages.

### THIRTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

To the extent that Plaintiff makes a claim for injunctive relief, he does not meet the requirements of such an action.

### THIRTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages were not caused by any failure to warn on the part of Defendants.

### THIRTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages were not proximately caused by an act or omission of Defendants.

### FORTIETH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### FORTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

Defendants give notice that they intend to rely upon other affirmative defenses that may become apparent during the course of the litigation and further reserve the

right to assert all defenses which are available to them under Rule 8 and Rule 12 of the Arkansas and Federal Rules of Civil Procedure as well.

**WHEREFORE**, having fully answered, Defendants WARNER-LAMBERT COMPANY, also sued in the name of its unincorporated Parke-Davis Division, PFIZER INC. and SANKYO PARKE-DAVIS pray that the Petition of Plaintiff Sheila Odom be dismissed as to them; that these Defendants have contribution and a prorating of fault and responsibility as allowed by law; that these Defendants be awarded the costs of suit incurred in the defense of this action; that these Defendants be awarded reasonable attorneys' fees; and for all other proper relief.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2200
Little Rock, Arkansas 72201-3699
Tel:   501/371-0808
Fax:   501/376-9442

By _____
Gordon S. Rather, Jr. (#68054)
Michael D. Barnes (#88071)

Counsel for Defendants
Parke-Davis, Warner-Lambert Company,
Pfizer Inc. and Sankyo Parke-Davis

### CERTIFICATE OF SERVICE

On July 25, 2002, a copy of the foregoing was served by U.S. mail on the following:

1.   Mr. Michael T. Gallagher
     Mr. John H. Kim
     GALLAGHER, LEWIS, DOWNEY & KIM
     700 Louisiana, 40th Floor
     Houston, TX  77002

2.   Mr. George H. Niblock
     Mr. Raymond L. Niblock
     Mr. Jason M. Hatfield
     THE NIBLOCK LAW FIRM
     P.O. Drawer 818
     Fayetteville, AR  72702-0818

     Attorneys for Plaintiff

3.   Mr. Steven W. Quattlebaum
     QUATTLEBAUM, GROOMS, TULL & BURROW
     111 Center Street, Suite 1900
     Little Rock, Arkansas 72201

     Attorneys for Defendant,
     Sankyo Pharma, Inc.

4.   Mr. Phillip J. Malcom
     FRIDAY, ELDREDGE & CLARK, LLP
     2000 Regions Center
     400 West Capitol Avenue
     Little Rock, Arkansas 72201-3493

     Attorneys for Defendant,
     Dr. James Steven Cash and Dr. Lisa Holaday

5.   Dr. Darrell R. Over
     4747 Dusty Lake Drive, Suite 202
     Pine Bluff, Arkansas 71603

6.   Family Practice Center
     4010 S. Mulberry Street
     Pine Bluff, Arkansas 71603-7038

_____
Gordon S. Rather, Jr.